UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMESTOWN S'KLALLAM TRIBE, | CIV. NO. 2:17-00293-WBS |
| Appellant, | BANKR. ADV. NO. 16-02090 |
| v. | BANKR. NO. 14-25820-D11 |
| BEVERLY McFARLAND, | MEMORANDUM AND ORDER RE: BANKRUPTCY APPEAL |
| Appellee. | |

In connection with the Chapter 11 bankruptcy proceeding of International Manufacturing Group, Inc. ("IMG") (Bankr. No. 14-25820), appellee Beverly McFarland ("trustee"), as Chapter 11 Trustee for the estate of IMG, initiated an adversarial proceeding against appellant Jamestown S'Klallam Tribe ("the Tribe") under 11 U.S.C. § 544(b), seeking to avoid and recover the value of certain allegedly fraudulent transfers (Adv. No. 16-02090.) In the bankruptcy court, the Tribe filed a motion to dismiss trustee's First Amended Complaint. Presently before the court is the Tribe's appeal from the bankruptcy court's order denying that motion.

I. Factual and Procedural History

1

On May 6, 2016, appellee brought its adversary proceeding against the Tribe in bankruptcy court under Section 544(b) of the Bankruptcy Code (11 U.S.C. § 544(b)). (Excerpts of Records ("ER") at 1, Original Compl. (Docket No. 12-2).) Trustee attempted to serve the complaint on the Tribe's counsel, but there was a typographical error and the complaint was mailed to "James B. Rediger" rather than "Shawn B. Rediger." (ER 109, Certification of Service.) The complaint was ultimately delivered to the correct attorney, and on June 27, 2016, the trustee and Tribe stipulated that the Tribe had been served with the original complaint on May 26, 2016. (ER 746 (Docket No. 17-1).) The Bankruptcy Court entered an order approving this stipulation on June 27, 2016. (ER 749 (Docket No. 17-2).)

On August 4, 2016, the Tribe filed a motion to dismiss the trustee's then original Complaint. (ER 111, Tribe's Mot. to Dismiss.) On August 24, 2016, the trustee filed its First Amended Complaint (First Am. Compl. ("FAC") (Docket No. 12-3)) and on September 9, 2016, served it on W. Ron Allen, the Tribe's Council Chairman and Chief Executive Officer, and Shawn B. Rediger. (ER 327-31, Certificates of Service.) On September 21, 2016, the bankruptcy court denied the Tribe's motion to transfer and motion to dismiss the original Complaint, finding that the First Amended Complaint supersedes the original Complaint and the latter was no longer existent. (ER 373, Mins. of Sept. 21, 2016 Hrg. (Docket No. 12-6).)

The Tribe then filed another motion to transfer and a motion to dismiss the First Amended Complaint, arguing the original Complaint had not been properly served on the Tribe and

2

the First Amended Complaint was served after the designated 90-day time period had elapsed. (ER 376, Tribe's Mot. to Dismiss Am. Compl.) On November 8, 2016, the bankruptcy court again denied the Tribe's request to transfer venue, denied the Tribe sovereign immunity, and allowed the trustee to pursue a claim under § 544(b). (ER 671-84, Mins. of Nov. 8, 2016 Hrg. (Docket No. 12-7).) The court, though finding that prior service had been sufficient, did not opine as to whether the trustee had shown good cause for her failure to serve the Tribe within 90 days from the commencement of the case. Id. at 674. The hearing of the motion was continued to January 23, 2017, to allow the trustee an opportunity to brief the issue related to the timing of service. Id. at 671.

On January 26, 2017, the bankruptcy court reaffirmed its denial of the motion to dismiss, finding that service had been proper and that the trustee had shown good cause for her failure to serve the Tribe within the 90-day period. (ER 691-92, Mins. of Jan. 26, 2017 Hrg.)

Presently before the court is the Tribe's appeal from the bankruptcy court's order, which argues: (1) the bankruptcy court erred when it found the Trustee could assert a 11 U.S.C. § 544(b) claim against the Tribe; (2) the bankruptcy court erred when it found that service had been proper; and (3) the bankruptcy court erred when it extended the time for service.

II. Legal Standard

In reviewing the bankruptcy court's decision, legal conclusions are reviewed de novo while factual findings are reviewed for clear error. In re Kennerly, 995 F. 2d 145, 146

3

(9th Cir. 1993).

III. Discussion

    A. 11 U.S.C. § 544(b) Claim

The Tribe argues the bankruptcy court erred in allowing the appellee to bring a claim to avoid and recover the value of certain allegedly fraudulent transfers under 11 U.S.C. § 544(b) for two reasons: (1) the Tribe is protected from this claim by sovereign immunity and (2) even if sovereign immunity had been abrogated or waived with respect to this claim, the appellee's claim fails because there is no actual unsecured creditor who could avoid the transfers, as required by § 544(b).[1]

    1. Sovereign Immunity

11 U.S.C. § 106(a) states "notwithstanding an assertion of sovereign immunity, sovereign immunity is abrogated as to a government unit to the extent set forth in this section with respect to the following: (1) Sections . . . 544. . . . ". Thus, government entities may not assert sovereign immunity as a defense to § 544 claims. The Ninth Circuit has held that § 106(a) applies to Indian tribes, thereby abrogating tribal sovereign immunity with respect to § 544. Krystal Energy Co. v. Navajo Nation, 357 F. 3d 1055, 1059 (9th Cir. 2004) ("Because Indian tribes are domestic governments, Congress has abrogated their sovereign immunity in 11 U.S.C. § 106(a).")

---

[1] 11 U.S.C. § 544(b) states that "except as provided in paragraph (2), the trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title or that is not allowable only under section 502(e) of this title.

4

The Tribe argues that Congress has not in fact abrogated its sovereign immunity and contends that Krystal was wrongly decided. The bankruptcy court rejected this argument and followed the Ninth Circuit precedent set by Krystal. The Tribe concedes that while § 106(a) abrogates sovereign immunity with respect to § 544, it applies only to § 544(a) and not to § 544(b). (Tribe's Br. at 18 (Docket No. 12).) The Tribe relies upon the Seventh Circuit's holding in In re Equipment Acquisition Resources, Inc., 742 F. 3d 743, 749 (7th Cir. 2014), which limited §106(a) to §544(a). However, the vast majority of courts, including the bankruptcy court, have not agreed with this interpretation.[2]

There is also no textual basis to support the Tribe's position because the language of § 106(a) does not distinguish between § 544(a) and § 544(b), as the bankruptcy court discussed (see ER 679, Mins. of Nov. 8, 2016 Hrg.) Section 106(a) does not carve out any exceptions for particular subsections, indicating a clear legislative intent to be as broad as possible in abrogating sovereign immunity in the bankruptcy context.

Accordingly, because the Tribe has failed to demonstrate that § 106(a)'s reference to § 544 should be limited to § 544(a), the court finds the bankruptcy court was correct in concluding that the Tribe's sovereign immunity has been abrogated. Because the court finds that sovereign immunity has been abrogated, it need not address the additional question of

---

[2] The Seventh Circuit itself acknowledged "that by interpreting § 106(a)(1) and § 544(b) as we have, we diverge from all of the bankruptcy and district courts to consider the issue." Equip. Acquisition, 742 F. 3d at 748.

whether the Tribe waived its sovereign immunity.

## 2. Actual Creditor

The tribe argues that even if its sovereign immunity has been abrogated, the trustee's § 544(b) claim fails because there is no actual unsecured creditor who could avoid the transfers. The trustee concedes that in order for a trustee to assert a § 544(b) claim, there must be a creditor who could actually avoid the transfer under applicable law outside of bankruptcy. (Appellee Br. at 14, (Docket No. 16).)

The Tribe contends there is no such creditor here because any claim brought by an actual unsecured creditor against the Tribe would be barred by sovereign immunity. (Appellant Br. at 6-7.) In In re Equipment Acquisition Resources, Inc., 742 F. 3d at 744, the court held that "§ 106(a)(1) does not displace the actual-creditor requirement in § 544(b)(1)." The court went on to state that in §106(a), Congress "did not alter § 544(b)'s substantive requirements merely by stating that the federal government's immunity was abrogated 'with respect to' this provision." Id. at 747.

However, the great weight of authority is to the contrary. The Ninth Circuit recently held that "the text of Section 106(a)(1) is unambiguous and clearly abrogates sovereign immunity as to Section 544(b)(1), including the underlying state law cause of action." In re DBSI, Inc., No. 16-35597, 2017 WL 3760847, at *6 (9th Cir. Aug. 31, 2017). This explicit abrogation of sovereign immunity means that in order to bring a § 544(b) claim, the trustee need only identify an unsecured creditor who, but for sovereign immunity, could have brought this

claim against the Tribe. Accordingly, the court finds the Tribe's argument regarding actual creditor to be meritless.

The Tribe also argues that allowing the trustee to bring a § 544(b) claim against the Tribe created a new cause of action in violation of 11 U.S.C. § 106(a)(5), which states that "nothing in this section shall create any substantive claim for relief or cause of action not otherwise existing under this title, the Federal Rules of Bankruptcy Procedure, or nonbankruptcy law." 11 U.S.C. § 106(a)(5). The bankruptcy court rejected this argument, holding that applying §106(a) to §544(b) "does not create a substantive claim for relief that does not otherwise exist; it simply recognizes that, with respect to existing causes of action, sovereign immunity is abrogated." (ER 679, Mins. of Nov. 8, 2016 Hrg.) This court, in agreeing with the bankruptcy court's determination, finds that reading § 106(a) in such a way that it abrogates sovereign immunity with respect to §544(b) in no way alters state law or creates a new cause of action. Accordingly, the court agrees with the bankruptcy court's conclusion that appellee may bring a § 544(b) claim against the Tribe.

B. Service

1. Proper Service

The Tribe argues the bankruptcy court erred in refusing to dismiss the First Amended Complaint on the ground that neither it nor the original Complaint was properly served on the Tribe. The Tribe argues that it cannot properly be served by mail and that even if service by mail were sufficient, it never authorized Mr. Allen to accept service of process on its behalf.

7

Bankruptcy Rule 7004(b) allows for nationwide service by mail to all types of persons, business entities, and government entities. Fed. R. Bankr. P. 7004(b).[3] When serving the defendant, it is "sufficient if a copy of the summons and complaint is mailed to an agent of such defendant authorized by appointment or by law to receive service of process." Fed. R. Bankr. P. 7004(b)(8). If no one has been specifically designated to accept service, service may be made on state and local governmental entities through mailing "to the chief executive thereof." Fed. R. Bankr. P. 7004(b)(6). The Ninth Circuit has held that service rules are to be "liberally construed to uphold service so long as a party receives sufficient notice of the complaint." Chan v. Soc'y Expeditions, Inc., 39 F. 3d 1398, 1404 (9th Cir. 1994).

Here, the trustee served her original summons and Complaint on "James B. Rediger" at the law firm of Williams, Kastner & Gibbs, LLC. (ER 109, Certification of Service.) The firm had previously represented the Tribe. However, there is no "James B. Rediger" at the firm, though there is a "Shawn B. Rediger." Despite this typographical error, the summons was routed to the appropriate attorney. (ER 125, Tribe's Mem. of P. & A. at 10.) The trustee later filed the First Amended Complaint, obtained an alias summons, and served both on W. Ron Allen, the Tribe's Council Chairman and Chief Executive Officer. (Tribe's

---

[3] The Ninth Circuit has held that Indian tribes are domestic governments, see, e.g., Krystal Energy Co., 357 F. 3d at 1059, and thus they are covered by this rule despite the fact that there is no explicit mention of Indian tribes in the rule itself.

8

Br. at 22.) By doing so, the trustee clearly complied with the requirements of Rule 7004.

The court notes that the stipulation that the Tribe and trustee entered into on June 27, 2016, did not mention any deficiencies in service and expressly stated that "the Trustee served the Complaint on May 26, 2016." (ER 746 (Docket No. 17-1).) On July 15, 2016, the Tribe filed a request that all documents required to be served be sent to its local counsel and its attorneys at Williams Kastner & Gibbs. (ER 751, Req. for Special Notice (Docket No. 22).) It was not until the following month, on August 4, 2016, that the Tribe finally raised the service issues for the first time. (ER 112, Tribe's Mot. to Dismiss.)

Here, it is clear that the summons was served by mail and received by both the Tribe's Williams Kastner & Gibbs attorneys and W. Ron Allen. Accordingly, based on the Tribe's conduct, the fact that service by mail is the default mode of service of process in bankruptcy matters, and that the Tribe received actual notice, the court finds that service was effective.

2. Timing of Service

Rule 4(m) of the Federal Rules of Civil Procedure requires that a complaint be served within 90 days of filing. Rule 4(m) also allows for the time for service to be extended upon either a showing of good cause for the defective service or, if there is no good cause, the court has discretion to dismiss without prejudice or extend the time period. Fed. R. Civ. P. 4(m).

9

The Tribe contends the bankruptcy court incorrectly found good cause for the appellee's failure to properly serve the Tribe within the requisite 90-day period and thereby erred in extending the time for service of summons. The Tribe takes the position that there was no service, and thus there could be no "good cause" for an extension of service. However, as discussed above, service was proper.

Although the trustee attempted to serve her original complaint on the Tribe within the required 90-day period, thereby complying with Rule 4(m), she did not serve the First Amended Complaint on the Tribe until 126 days after the filing of the original complaint. (ER 327-31, Certificates of Service.) To determine whether appellee has shown good cause for the delay, the court must consider whether "(a) the party to be served. . . received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." Oyama c. Sheehan (In re Sheehan), 253 F. 3d 507, 512 (9th Cir. 2001) (citations omitted).

Here, it is undisputed that the Tribe had actual notice of the action within the 90-day period. During that time, the Tribe's attorney signed a stipulation in which she agreed to a deadline for the Tribe to respond to the complaint, thus indicating that the Tribe acknowledged it had been served. (ER 746.) As for the second requirement, the Tribe does not present any argument indicating that it would suffer any prejudice if the court were to extend the service deadline. Moreover, the trustee would likely suffer severe prejudice if the complaint were

10

dismissed given that she would be barred by the statute of limitations from filing a new complaint against the Tribe. The Ninth Circuit has previously held that "relief under Rule 4(m) may be justified, for example, if the applicable statute of limitations would bar the re-filed action." Lemoge v. United States, 587 F. 3d 1188, 1195 (9th Cir. 2009) (citations omitted). The trustee has therefore demonstrated that all three requirements for a finding of good cause have been satisfied. Accordingly, the court finds the bankruptcy court did not abuse its discretion in extending the time for service under Rule 4(m).

Had the trustee been unable to demonstrate good cause, the court still would be entitled to "utilize its broad discretion to extend the time for service."[4] However, given that the court has found good cause for the extension, the court will not address whether the bankruptcy court could have extended the time for service even absent a finding of good cause.

IT IS THEREFORE ORDERED that the bankruptcy court's ruling be, and the same hereby is, AFFIRMED.

Dated: September 19, 2017

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[4] United States v. 2,164 Watches, More or Less Bearing a Registered Trademark of Guess?, Inc., 366 F. 3d 767, 772 (9th Cir. 2004).

11